IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| ALTO V. WATSON, III | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:16-CV-458 |
| JERRY JOHNSON | § | |

MEMORANDUM OPINION AND ORDER

This is a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. In his original petition, petitioner raised three grounds for review: (1) the trial judge should have recused himself or been disqualified from presiding over petitioner's criminal case because the judge initiated *ex parte* contact with the victims of a different crime; (2) petitioner's guilty plea was involuntary because he was unaware of the *ex parte* contact when he pleaded guilty; and (3) petitioner was deprived of his right to an evidentiary hearing and discovery in the state court. Petitioner filed a supplemental pleading in which he asserts that his attorney provided ineffective assistance of counsel. Respondent contends that the ineffective assistance of counsel claim is unexhausted and requests that either the unexhausted claim be dismissed, or that the petition be dismissed in its entirety.

As a prerequisite to obtaining relief under § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. 2254(b). A prisoner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, an individual on community

supervision may challenge the conviction or conditions of his probation by filing an application for habeas relief with the clerk of court in the county in which community supervision was imposed. TEXAS CODE CRIM. PRO. ANN. Art. 11.072 § 2(a). The court's ruling is appealable by either party. TEXAS CODE CRIM. PRO. ANN. Art. 11.072 § 8.

Petitioner did not raise his claim of ineffective assistance of counsel in his state application for habeas relief or on appeal. Therefore, the claim is unexhausted. Generally, a petition raising unexhausted grounds for relief must be dismissed, even if the petition also raises exhausted grounds for relief. *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982); *Smith v. Quarterman*, 515 F.3d 392, 400 (5th Cir. 2000). The district court may only excuse petitioner's failure to exhaust in two instances. The first exception allows a federal court to consider the merits of an unexhausted claim if there is not an available state remedy. 28 U.S.C. § 2254(b)(1)(B)(i). Second, the court may consider the merits of an unexhausted claim if circumstances exist that render the state process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1)(B)(ii). *See also Duckworth v. Serrano,* 454 U.S. 1, 3 (1981).

Petitioner has an available state remedy. As previously discussed, he could file a state habeas application under Article 11.072 of the Texas Code of Criminal Procedure, and he could appeal any unfavorable rulings. Petitioner has not demonstrated that the state process is ineffective to protect his rights. Therefore, his failure to exhaust each of his claims in the state courts before bringing them in federal court is not excusable.

In the event that the court found petitioner was required to exhaust his new claim, petitioner requested to stay the petition while he pursues relief in the state courts. The Supreme Court has held that a federal district court has discretion in limited circumstances to stay a mixed petition, meaning

one that contains both exhausted and unexhausted claims, to allow the petitioner to present the unexhausted claims to the state court. *Rhines v. Weber*, 544 U.S. 269, 279 (2005). A district court may stay, and hold in abeyance, a federal petition only if the court finds that there was good cause for the petitioner's failure to exhaust his claims in state court. *Id*. at 277. The district court should not grant a stay if the petitioner's claims are plainly meritless, or if the petitioner engages in intentionally dilatory litigation tactics. *Id*. at 277-78.

In this case, there is no need to address the potential merits of petitioner's claims, or whether he engaged in dilatory litigation tactics because petitioner has not shown good cause for his failure to exhaust the ineffective assistance of counsel claim. Petitioner's argument that the United States Supreme Court might change the standard of review in such cases did not prevent him from raising the claim in his state habeas application. Therefore, petitioner's request to stay the petition and hold it in abeyance will be denied. If petitioner wishes to avoid dismissal of this mixed petition, he may dismiss the unexhausted claim and proceed with the exhausted claims. It is accordingly

**ORDERED** that the petitioner shall, within twenty days, advise the court whether he wishes to dismiss his unexhausted claim of ineffective assistance of counsel. Plaintiff's failure to dismiss the unexhausted claim may result in the dismissal of this petition.

**SIGNED this the 25th day of April, 2017.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE